UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESLEY LEE COOK,

    Plaintiff,

v.                                                      Case No. 8:19-cv-3051-TPB-SPF

LAURA H. DUNN, as Personal
Representative for the Estate of Paul
Patrick Dunn; OFFICER DAVID
BELL; FORMER CHIEF LARRY
GIDDENS; CITY OF LAKELAND;
LAKELAND CITY COMMISSION;
and LAKELAND CITY MANAGER
TONY DELGADO,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
"PLAINTIFF'S OMNIBUS MOTION IN LIMINE"**

This matter is before the Court on "Plaintiff's Omnibus Motion in Limine and Incorporated Memorandum of Law," filed on July 11, 2022. (Doc. 93). Defendants responded in opposition on July 25, 2022. (Doc. 107). The Court held a hearing to address this matter on September 19, 2022. (Doc. 122). Upon review of the motion, response, arguments, court file, and record, the Court finds as follows:

## Analysis

### *Statement/Interview of Defendant Paul Dunn*

Plaintiff seeks to exclude a statement/interview provided by Defendant Paul Dunn that occurred after the shooting. Unfortunately, Officer Dunn died in an unrelated motorcycle accident after he provided this statement/interview. As such, admission of the statement/interview as an exhibit may be the only way the information contained therein can be presented to the jury. Defendants contend that the interview should be admissible as a police report under either the business record exception or public record exception. It is true that a police report, although hearsay, generally falls under at least two well-established exceptions as a business record and a public record. *See Fleming v. Hinds Cnty.*, No. 3:16CV554TSL-RHW, 2017 WL 1730971, at *2-3 (S.D. Miss. May 1, 2017) (citation omitted); *see also* Fed. R. Evid. 803(6) and 803(8). However, "[c]ourts considering the issue have held that incident reports by officers involved in excessive force incidents lack the indicia of trustworthiness required for admission under either the business records or public records exceptions to the hearsay rule." *Id.* (collecting cases). Although Defendants attempt to liken the recorded statement to a police report, the interview appears more similar to an incident report and therefore should be excluded as hearsay without an exception. The motion is granted as to this ground.

### *References to Alcohol*

Plaintiff seeks to exclude any reference to alcohol, Plaintiff's consumption of alcohol or alleged condition of intoxication, on the day of the shooting or at any

other time. Plaintiff argues that this evidence would be irrelevant and highly prejudicial. However, the Court finds that this evidence may be relevant and probative as to the Plaintiff's demeanor and the reasonableness of the officers' actions during the shooting and on the issue of damages. Evidence regarding Plaintiff's use of alcohol on the day of the incident may also be used to challenge Plaintiff's recollection of the incident.

Yet, some evidence pertaining to general prior alcohol use may be not relevant, and other such evidence may be unfairly prejudicial. The actual contours of what is and is not admissible cannot be fully resolved prior to trial, and admissibility will depend upon the questions asked and the context in which Defendants seek to offer this kind of evidence at trial. Some of these references and questioning may ultimately be admissible during trial, but the Court will likely employ a limiting instruction to address prior alcohol use.

### *State Attorney Non-Prosecution Letter*

Plaintiff moves to exclude a two-page letter by an assistant state attorney entitled "Use of Deadly Force by Officer Paul Dunn." The correspondence concludes that Officer Dunn believed that harm was imminent to himself and Officer Bell and was therefore justified in his use of deadly force. Based upon agreement of the defense, this motion is granted, and the non-prosecution letter will be excluded at trial.

*Defense Police Practices Expert's Testimony and Report (Steven Ijames)*

Plaintiff seeks to exclude testimony and portions of the report of defense expert witness Steven Ijames, arguing that his opinions are based on inadmissible hearsay. Mr. Ijames is also the subject of a pending *Daubert* motion. The Court will therefore instead address this argument as part of the *Daubert* motion.

*Defense Psychiatric Expert's Testimony and Report (Dr. Eric Kaplan)*

Plaintiff seeks to exclude testimony and portions of the report of defense expert witness Dr. Eric Kaplan, arguing that his opinions are based on inadmissible hearsay. Dr. Kaplan is also the subject of a pending *Daubert* motion. The Court will therefore address this argument as part of the *Daubert* motion.

*References to Tort Principles and/or State Criminal Law*

Plaintiff moves to prohibit Defendants from making references to tort principals or state law; particularly, he seeks to exclude witnesses from testifying that the law enforcement officers were acting in self-defense under state law. However, Defendants' references to Florida criminal law when explaining possible justification for the use of force may speak to the reasonableness of the use of force in this case. The admissibility will depend upon the questions asked and the context in which Defendants seek to offer this kind of evidence at trial. This motion is denied without prejudice on this point.

*Statements Made by Plaintiff While Hospitalized*

Finally, Plaintiff seeks to prevent Defendant from introducing statements that he made while hospitalized, arguing that he was under the influence of

medication and stress from the shooting. The admissibility of these statements will depend upon the questions asked, if any, and the context in which Defendants seek to offer this kind of evidence at trial. This motion on this point is denied without prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Omnibus Motion in Limine and Incorporated Memorandum of Law" (Doc. 93) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of October, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**