UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESLEY LEE COOK,

    Plaintiff,

v.                                    Case No. 8:19-cv-3051-TPB-SPF

LAURA H. DUNN, as Personal
Representative for the Estate of Paul
Patrick Dunn, OFFICER DAVID
BELL, FORMER CHIEF LARRY
GIDDENS, CITY OF LAKELAND,
LAKELAND CITY COMMISSION,
and LAKELAND CITY MANAGER
TONY DELGADO,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANTS' OMNIBUS MOTION IN LIMINE"

This matter is before the Court on "Defendants' Omnibus Motion in Limine with Incorporated Memorandum of Law," filed on July 11, 2022. (Doc. 96). Plaintiff responded in opposition on July 25, 2022. (Doc. 108). The Court held a hearing to address this matter on September 19, 2022. (Doc. 122). Upon review of the motion, response, arguments, court file, and record, the Court finds as follows:

## Analysis

### *News Articles or Testimony Concerning Misconduct Incidents Involving Lakeland Police Officers, including Officer Paul Dunn, and Police Misconduct Generally*

Defendants seek to exclude news articles or testimony regarding allegations of misconduct incidents involving Lakeland police officers, including Officer Paul Dunn, as well as police misconduct generally. Because the Court has granted summary judgment in favor of the City on Plaintiff's § 1983 claims, it appears that evidence and testimony concerning prior misconduct are no longer relevant to any triable issue. The Court will be in a better position to make this determination at trial. The motion is granted, but Plaintiff may raise this issue again prior to or during trial, if appropriate.

### *Evidence or Testimony of Prior Allegations of Misconduct of Officer Dunn*

Defendants seek to exclude evidence or testimony of prior allegations of misconduct against Officer Dunn, including his personnel file. The personnel file includes the Lakeland Police Department's pre-employment investigation of Dunn, along with a Polk County Sheriff's Office "Medal of Valor" award given to Dunn for actions he took while serving on a search warrant team. Because the Court has granted summary judgment in favor of the City on Plaintiff's § 1983 claims, it appears that evidence and testimony concerning prior misconduct are no longer relevant to any triable issue. The Court will be in a better position to make this

determination at trial. The motion is granted, but Plaintiff may raise this issue again prior to or during trial, if appropriate.

*Comments Regarding the City's Status or Wealth*

Defendants move to exclude any testimony or evidence concerning Lakeland's status and its wealth in comparison to that of Plaintiff, in part because Plaintiff seeks punitive damages. Defendants argue that this testimony or evidence is not relevant to the claims against the City or against Defendants in their official capacity because punitive damages are not available against the City under § 1983, and comments of this type are not probative of any issue and are overly prejudicial. Plaintiff agrees to not mention the City's wealth but does not want to be prohibited from talking about the Lakeland Police Department budget.

Because the claims against the City have been resolved at summary judgment, it appears that discussion of the Lakeland Police Department budget is not relevant to any triable issue. The Court will be in a better position to make this determination at trial. The motion is granted, but Plaintiff may raise this issue again prior to or during trial, if appropriate.

*Opinion Testimony Regarding Officer Dunn's Credibility*

Defendants seek to exclude opinion testimony regarding Officer Dunn's credibility, specifically referencing Plaintiff's expert John Peters' possible testimony. Defendants argue that such comments and testimony, which include opinions related to Dunn's termination from the Polk County Sheriff's Office, should be excluded as irrelevant and because it improperly invades the province of the jury.

Because Officer Dunn's statement has been excluded, this issue appears to be moot. The motion is granted.

### *Expert Testimony that Officers Should Not Have Gone to Shannon Wood's Home; Other Legal Conclusions; After-the-Fact Investigation*

Plaintiff, as well as some of his experts, have asserted that there was no need for Officers Bell and Dunn to go to Ms. Wood's home because her call involved a mere civil property dispute that did not require police intervention. Defendants argue that this type of theory is groundless and inconsistent with training, police policies, and national guidelines. Defendants also argue that other "legal conclusions" are also inadmissible, including that the act of going to the home caused Plaintiff's injuries, that the shooting constituted excessive force, and more.

At this time, it does not appear appropriate to make a sweeping determination that these types of arguments, testimony or evidence, are inadmissible. Defendants may object as appropriate to any "legal conclusions" it believes are inadmissible at the time of trial. But the Court notes that Defendants intend to introduce their own experts to establish that the force used did not constitute excessive force. It is unlikely that the Court would allow such testimony while disallowing Plaintiff's experts from opining that the force used was excessive.

Because summary judgment has been entered in favor of the City on Plaintiff's § 1983 claims, evidence concerning the investigation following the

shooting may not be relevant to any triable issue. However, the Court will be in a better position to make this determination at trial.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Omnibus Motion in Limine with Incorporated Memorandum of Law" (Doc. 96) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of October, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**